**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Tracey Skobel, | : | Case No. 1:11-CV-0748 |
| Plaintiff | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | : | **AND ORDER** |
| Defendant | : | |

On August 9, 2011, the parties consented to the jurisdiction of the undersigned

Magistrate for any and all further proceedings in this case, including trial and the entry of a final

judgment, pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 14).  Pending are Plaintiff Tracey

Skobel's ("Plaintiff") Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412(a) (Docket No. 22) and Commissioner's ("Defendant" or "Commissioner")

Response (Docket No. 23).  For the reasons set forth below, Plaintiff's Motion for Attorney Fees

is granted.

## I. PROCEDURAL BACKGROUND

On February 13, 2007, Plaintiff filed a timely application for Social Security Income

("SSI"), alleging disability beginning July 15, 2000 (Docket No. 12, pp. 128-31 of 751).

Plaintiff's application was denied initially and upon reconsideration (Docket No. 12, pp. 110-12, 116-18 of 751).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Docket No. 12, p. 119 of 751).  This hearing took place on October 6, 2009, before ALJ Traci M. Hixson ("ALJ Hixson") (Docket No. 12, pp. 59-95 of 751).  Plaintiff, represented by counsel Sam Ruhe, appeared and testified (Docket No. 12, pp. 59-85 of 751). Vocational Expert ("VE") Nancy Borgeson also appeared and testified (Docket No. 12, pp. 86-95 of 751).  In a decision dated January 28, 2010, ALJ Hixson concluded Plaintiff was not entitled to a period of disability and SSI (Docket No. 12, pp. 13-27 of 751).  ALJ Hixson's decision became the final decision of the Commissioner when the Appeals Council denied review on February 25, 2011 (Docket No. 12, pp. 5-7 of 751).

Plaintiff filed a timely Complaint seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1).  On April 27, 2012, the undersigned Magistrate issued a Memorandum Opinion and Order affirming the decision of the Commissioner with regard to two issues: (1) the ALJ reasonably evaluated Plaintiff's medical evidence in light of the entire record; and (2) the ALJ reasonably evaluated Plaintiff's allegations of disabling pain and that evaluation was based on substantial evidence (Docket No. 20, pp. 15-16 of 30).  The Magistrate reversed and remanded Plaintiff's case to the Commissioner for further proceedings regarding Plaintiff's third issue, whether the ALJ reasonably evaluated Plaintiff's mental restrictions and limitations and whether the ALJ's assessment thereof was based on substantial evidence (Docket No. 20, p. 29-30 of 30).

Plaintiff's Motion for Attorney Fees was filed pursuant to the EAJA (Docket No. 22).

## II. EAJA STANDARD FOR AWARDING FEES

The EAJA requires, in some situations, payment of fees and expenses to a prevailing party in any action against the United States, or any agency or official thereof. *Bryant v. Commissioner of Social Security*, 578 F. 3d 443, 447 (6th Cir. 2009) (*citing* 28 U.S.C. § 2412(d)(1)(A)). This is true unless either: (1) the position of the United States, its agency, or official was substantially justified; or (2) special circumstances would make such an award unjust. *Id.*

According to 28 U.S.C. § 2412(a)(1), a judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows: (1) the party is a prevailing party, (2) the party is eligible to receive an award under [28 U.S.C.A. § 2412(b)], (3) the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed, and (4) whether the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(B).

3

### III. ANALYSIS

Plaintiff contends (1) she is a prevailing party; (2) the position of the government in denying her SSI was not substantially justified; (3) she is eligible to receive EAJA fees; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No. 22).  Plaintiff seeks an award of attorney fees totaling $1,856.25 (Docket No. 22).

Defendant does not object to Plaintiff's Motion for Attorney Fees nor to the specific amount requested (Docket No. 23).

### A. THE PREVAILING PARTY

Plaintiff contends she is a prevailing party for purposes of the EAJA requirements because she succeeded in obtaining a remand to the Commissioner for further consideration (Docket No. 22).  A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.  *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)).

Here, Plaintiff was awarded a remand order pursuant to sentence four of 42 U.S.C. § 405(g) on April 27, 2012 (Docket No. 22).  Defendant does not dispute Plaintiff's prevailing party status (Docket No. 23).  Plaintiff is therefore a prevailing party for purposes of the EAJA.

### B. ELIGIBILITY FOR AN AWARD

Under prong two of the test set forth in 28 U.S.C. § 2412(d)(1)(B), the moving party must be eligible to receive the award of attorneys' fees and/or expenses.  The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

Although not specifically stated, by simply filing her Motion for Attorney Fees, Plaintiff asserts she is an individual whose net worth did not exceed $2,000,000 at the time her civil action was filed (Docket No. 22).  It was confirmed Plaintiff completed school through the tenth grade with special education services.  She has past relevant work as a fast food worker and pizza delivery person (Docket No. 12, pp. 86, 160, 165, 167, 689-736 of 751).  Given these circumstances, it is improbable Plaintiff's net worth exceeded $2,000,000 at the time of filing.  Defendant does not contest the issue of Plaintiff's net worth (Docket No. 23).  The Magistrate concludes Plaintiff is therefore eligible for the award.

**C.  SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues.  Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified.  *Olive, supra*, 534 F.Supp.2d at 758.  To satisfy this burden, the United States must show its position was "substantially justified or that special circumstances make an award unjust."  *Id*.  The government's position is substantially justified "if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'"  *Id*. (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Attorney fees should not be awarded simply because the government lost the case on the merits.  *Id*. (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987); *Jankovich v. Bowen*, 868 F. 2d 867, 869-70 (6th Cir. 1989)).  A court must be careful to maintain the distinction

between a lack of substantial *evidence*, which results in a remand to the Commissioner, and a lack of substantial *justification*, which results in an award of attorney's fees. *Id*. (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff alleges that Defendant was not substantially justified in its denial of benefits (Docket No. 22, pp. 2-3 of 8). Specifically, Plaintiff claims her diagnosis of major depression was not fully recognized in the ALJ's decision, and that, despite according full weight to the opinion of Plaintiff's examining psychologist, the ALJ's opinion did not fully encompass the psychologist's opinion in the mental residual functional capacity finding (Docket No. 22, pp. 2-3 of 8). The Magistrate found that the Commissioner's position on Plaintiff's mental restrictions and limitations had no reasonable basis in law and fact. Neither was it supported by substantial evidence. Defendant does not contest Plaintiff's allegations that its findings and conclusion were not based on substantial evidence (Docket No. 23). Therefore, this Magistrate finds the Commissioner's findings and conclusions were not substantially justified.

**D.  THE BASIS FOR THE AWARD**

Plaintiff argues she is entitled to attorney fees totaling $1,856.25 (Docket No. 22). This amount represents an expenditure of 14.85 hours by Plaintiff's counsel multiplied by an hourly rate of $125, the current statutory cap for attorneys' fees (Docket No. 22). Defendant does not contest this amount (Docket No. 23).

**1.  COMPENSABLE HOURS.**

The most useful starting point for determining the amount of reasonable fees is to ascertain the number of hours reasonably expended on the litigation. . . . *Rodriguez v. Astrue*, 2012 WL 2905928, *2 (N.D.Ohio,2012). Counsel for a prevailing party under EAJA should

make a good faith effort to exclude from a fee request, hours that are excessive, redundant, or otherwise unnecessary.  *Id.* (*See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Courts should exclude hours that were not "reasonably expended."  *Id.*

Upon review of the itemized statement of services provided by Plaintiff's counsel, this Magistrate determines the request for fees is adequately documented.  Counsel expended 14.85 hours in her representation of Plaintiff (Docket No. 22, Appendix A).  Counsel made a good faith effort to be clear and succinct in her pleadings.  There is neither padding nor the assertion of frivolous claims.  There are no excessive, redundant, or unnecessary hours included in the schedule of services and Defendant does not challenge the schedule of services.  The Magistrate finds the compensable hours in this case to be 14.85.

### 2. COMPENSABLE HOURLY RATES

EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Woods v. Astrue*, 2012 WL 529820, *4 (N.D.Ohio, 2012) (*citing* 28 U.S.C. §412(d)(2)(A)).2412(d)(2)(A)).  If a court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee, the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished.  *Id.*  Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable.  *Bryant, supra*, 578 F. 3d at 449 (*citing* 28 U.S.C. § 2412(d)(2)(A)).

7

Plaintiff's counsel seeks only the current statutory rate of compensation, $125 per hour (Docket No. 22).  Defendant does not object to an award of $125 per hour (Docket No. 23).  This Magistrate finds Plaintiff has established entitlement to an hourly award of fees totaling $125.

### 3. TOTAL AWARD

The Supreme Court has determined that, within the meaning of the EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).  In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $1,856.25, representing her total award.

### IV. CONCLUSION

For these reasons, the Magistrate grants Plaintiff's Motion for Attorney Fees in the amount of $1,856.25 and the request that fees be paid in care of Plaintiff's counsel, as assignee of the Plaintiff, less any pre-existing debt subject to offset .

**IT IS SO ORDERED**.


/s/ Vernelis K. Armstrong
United States Magistrate Judge



Date:   September 13, 2012